Day, J.
Under the title of Wilbur H. Ginn against the Commissioners of Logan County, O., et al., are three cases pending, between the same parties, numbered 192, 192-| and 211. Number 211 is an action in error; number 192 is on appeal from the common pleas court, and 192-|-isa petition in error to the same court; questioning the propriety and validity of the judgment from which the appeal is perfected. The perfecting of an appeal, in an appealable case, has the effect to suspend the (judgment — so far vacating it that in point of fact no final order is left subsisting upon which to predicate error. In this case the whole matter is up and is being-reviewed in this court on the appeal, and error to the same-matter cannot be concurrently maintained. The case in error,number 192-J-, is therefore dismissed at the costs of plaintiff in error.
Cases 192, on appeal, and 211, in error, involve the same-question. In each case the plaintiff, in his petition, shows. *398 that he is the county surveyor of Logan county, duly elected, qualified and acting; that he is ready, willing and able to do and perform all the labor and service needed and required of a surveyor and civil engineer in all ditches and ditch work, and all other public improvements in the county; yet, with full knowledge of all these facts, and of the legal rights of plaintiff as such county surveyor, the defendant, the Board of County Commissioners, in a certain ditch proceeding then pending, in February, 1895, by its order duly made, appointed the defendant, James 0. Wonders, a competent engineer, to be the engineer and to render the necessary engineering service required on said ditch improvement; that said Wonders, under said order of appointment, proceeded and performed the duties of engineer on said ditch improvement, reported his doings to the commissioners, which report has been approved by them, and further orders made in the matter; that Wonders will perform other and further duties and services as engineer on said ditch improvement and other public improvements, and will present his bills for such services and will be paid therefor, through the procurement of the said commissioners and the aid of the auditor of the county, unless a restraining order is allowed, all to the great wrong and injury of the plaintiff, for which there is no sufficient remedy at law. The prayer is for an order of the court restraining the appointment of any engineer to perform service on the said ditch improvement, other than the plaintiff, and also an order restraining the payment of Wonders for services already rendered. In each case a general demurrer to the petition was sustained by the court below, and the petition dismissed. As stated, an appeal was taken in one case, and error prosecuted in the other, and a proper decision on the demurrer is decisive of both cases.
The plaintiff claims as matter of legal right, and his action is based on the theory, that the county surveyor is en *399 titled to perform all work and service of engineering required on all public improvements in the county, including-all such work required on ditohes and drains and turnpike roads; that such services are part of the official duties, and the fees provided therefor part of the emoluments of the office of county surveyor; that official, by the express provisions of law, enjoying a monopoly of such work on all public improvements of the county to the exclusion of all other civil engineers. This claim denies to the county commissioners the power to designate an engineer, other than the county surveyor, to perform any engineering service on an improvement under the drainage or turnpike statutes of the state; and if allowed, would have the effect to annul an important provision of those laws.
The claim put forth is based on the provisions of section 1181, Rev. Stat., as amended May 21, 1894; 91 O. L. 397, and a proper decision of the question presented involves a consideration and construction of that section in connection with certain provisions of the said drainage and pike laws providing for the appointment of engineers by the county commissioners. The amended section 1181 provides: “The surveyor shall keep his office at the county seat in a room provided by the commissioners, which shall be furnished at the public expense, with books, book cases, stationery, etc., ’ ’ needful for the proper discharge of his official duties, etc., “and when the services of an engineer are required, with respect to roads, turnpikes, ditches, Dr bridges * * * the county surveyor shall act as such engineer, and shall receive for his services such compensation as is provided by law for the services of an engineer in such cases.” By the laws relating to the special subjects of ditches and turnpikes, the county commissioners are authorized and empowered to appoint en- . gineers to perform all engineering services required, and the discretion of the board as to the personel of the appointee is not controled; the only stipulation being that' he must be a *400 competent engineer. Section 4454, relatiug to county ditches, provides: “If the commissioners find for the improvement, they shall cause to be entered on their Journal an order directing the county surveyor, or an- engineer, to go upon the line,” etc. Sec. 4831, Rev. Stat., providing for the construction of turnpike roads, provides, among other things, “thecommissioners shall appoint three disinterested freeholders of the county as viewers and a competent surveyor or engineer to proceed,” etc. There is nothing in the wording of either of these provisions that can be fairly held, by inference or otherwise, to require the selection of the county surveyor; but in each provision the commissioners are left entirely free, in the exercise of a sound discretion, to select a competent engineer for the required service, regardless of whether the engineer selected be also the county surveyor or not; and such is the wise provisions of the drainage and turnpike laws at the present time, unless by some proper process the above quoted plain provisions have been annulled. The suggestion of plaintiff is that they have been annulled — repealed in fact, by the act of 1894, amending sec..1181 and repealing “all acts inconsistent therewith. ” Sec. 1181 was first amended in 1892, 89 O. L. 172, and such first amendatory act, with the exception of a merely formal matter and the repealing section, was similar to the amendatory act of 1894; the provisions of the section, under both amendments, remaining substantially the same. The provision under both was: “When the services of an engineer are required with respect to roads, turnpikes, ditches, etc., the county surveyor shall act as such engineer.”
The precise question we now have was before this court two or three years ago, and was decided by it, in the case of James C. Wonders v. The Commissioners of Logan County, pending on appeal. Wonders was then county surveyor, and relying on the provisions of section 1181, as amended in 1892, made the same contention now made by *401 plaintiff; and this court, Judge Moore formulating the opinion, placed its construction .on that section holding- in substance, that the amended provision only defined and prescribed an additional official duty for the ■ county surveyor; making it obligatory for that official, upon being designated, to act as engineer on any public improvement named in the section, by the proper authority, to accept the appointment and perform the required service; .and did not in any way modify or abridge the power or control the discretion of county commissioners under the provisions of the ditch and turnpike laws, to appoint other competent engineers. Thejcourt is still content with that holding. We believe it was and is correct, and do not desire to modify or amend it unless a revision is made necessary by some additional provision of the act of 1894, amending section 1181. As stated, the amendatory act of 1894 does not materially differ in any respect from the act of 1892, which this court construed, unless it be in the provision of the repealing section of the act of 1894. The act of 1892 only repealed original section 1181; while the act of 1894 repeals “original section 118T, as amended March 80, 1892, and all acts inconsistent herewith.”
It is urged that the provisions of the ditch and pike laws, giving the county commissioners authority to appoint competent engineers, other than county surveyors, is inconsistent with the provisions of amended section 1181, and being earlier laws, are repealed by the later; if not expressly, then by fair implication. If this view is correct and is to obtain, then plaintiff’s contention must be allowed. But is it correct? We have been unable to so conclude. Nothing is clearer, we think, than that no express repeal has been made, and we consider it equally clear that a repeal by implication has not been accomplished. The holdings of our Supreme Court on the subject are to the effect that repeals by implication are not favored in this state, and are never *402 accomplished if the earlier and later statute can be fairly reconciled. If, however, statutes flatly contradict each other, the later repeals the earlier; and a law revising the entire subject-matter of a former act, and evidently a substitute for it, repeals the earlier one by implication. But the rule, which is deduced from the givings out of the Supreme Court, reported at 14 Ohio St. 472; 22 Ohio St. 508; 25 Ohio St. 29; 26 Ohio St. 200; 39 Ohio St. 628, viz: “A general statute not expressly contradicting prior special statutes, is-never construed to affect their particular and positive provisions unless absolutely necessary to give its words meaning,” has special application to the facts in this case, and is, we think, decisive of it.
Section 1181, Rev. Stat., as amended, does not flatly contradict the drainage and turnpike laws, is not a revision of' the entire subject-matter, and is not evidently a substitute-for them; nor does it seem absolutely necessary, or necessary at all, to modify to any extent any of their provisions in order to give meaning to the words of amended section. 1181. We do not perceive any conflict between the amended provisions of that section, which we hold simply defines- and imposes an additional duty on the office of county surveyor, and the various sections of the ditch and pike laws, defining the powers and duties of county commissioners-with respect to the selection of engineers. The one is a general statute, having reference to the general official duties of' a county surveyor, to be performed when required; the-other sections have reference to the special subject of ditches and turnpikes, and define the powers and duties of county commissioners with respect to those special and particular-matters. The two occupy entirely separate and distinct fields of legislation, so an irreconcilable conflict in their provisions, and consequent repeal of the earlier by the later statute, does not seem likely to result; at least, we think, such repeal has not resulted up to the present. If it is the pur *403 pose of the legislature to modify or repeal the wise provisions of the ditch and pike statutes, so as to deprive the county commissioners of the discretionary power to appoint competent engineers in these special matters, to accomplish it we imagine it will have to be at the trouble of amending said statutes in the constitutional method. This, we think, has not been done as yet. The act of 1894, amending section 1181, does not accomplish it, and the power of county commissioners, in the exercise of a sound discretion, to appoint competent engineers in all ditch and like matters, is still the law of Ohio.
West & West and Samuel West, for Wilbur A. Ginn.
Howenstine, Huston & Miller and J. A. Odor, for the County Commissioners.
It follows the demurrer to the petition in case number 192 should be sustained. The demurrer is sustained, and the petition dismissed. In case number 211 we find no error apparent in the record, and the judgment is affirmed.